IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**Christopher Lee Wiley,**
Petitioner

U.S. District Court
Wisconsin Eastern

**MAR 02 2026**

FILED
Clerk of Court

v.

**STATE OF WISCONSIN et al,**
KENOSHA COUNTY, Jessica L. Krejcarek, Jodi L. Meier, William Michel,
Michael David Graveley, Xavier Solis
Defendants.

Civil Action No. __26-C-346__

---

**42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT**

---

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF
(42 U.S.C. § 1983 – Civil Conspiracy and Deprivation of Rights Under Color of Law)


**I. JURISDICTION AND VENUE**

1. This action arises under the Constitution and laws of the United States, including but not limited to the Fourteenth Amendment and 42 U.S.C. § 1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4). Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred within this District.


**II. PARTIES**

1. Plaintiff Christopher Wiley is a Private American, one of the People and Citizen of the Texas Republic inhabited within the natural border of the land identified as Garland, Texas with a mailing address of 501 E Oates Rd #496621 Garland, TX 75043 entitled to the protections of the United States Constitution.

2. Defendant STATE OF WISCONSIN is a government corporation of the United States with the address of 115 East State Capitol Madison, WI 53702 and representatives address 17 West Main Street Madison, Wisconsin 53703 represented by Attorney General Josh Kaul.

3. Defendant KENOSHA COUNTY is a municipal corporation organized under the laws of the State of Wisconsin located at 1010 56th Street Kenosha, WI 53140

4. Defendant Jessica L. Krejcarek, is named in his official and individual capacity located at the address of record Rock County District Attorney's Office 51 S Main St, Janesville, WI 53545.

5. Defendant Jodi L. Meier is named in his official and individual capacity located at Kenosha County Circuit Court, Branch 7 912 56th Street Kenosha, Wisconsin 53140.

6. Defendant William Michel is named in his official and individual capacity located at the Kenosha County Intake Court, in the Pretrial Building, Courtroom 157 located at 927 54th Street Kenosha, WI 53140

7. Defendant Michael David Graveley is named in his former official and individual capacity last known located at 912 56th Street Kenosha, WI 53140.

8. Defendant Xavier Solis, is named in his official and individual capacity located at the Molinaro Building at 912 56th Street Kenosha, WI 53140.

## III. INTRODUCTION

9. Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983, 42 U.S. Code § 1985(3) and 42 U.S. Code § 1986 to redress the ongoing deprivation of rights secured by the Constitution and laws of the United States. This action arises from Defendants' conduct under color of state law, resulting in violations of Plaintiff's fundamental rights to due process, access to the courts, and liberty protected under the Fourteenth Amendment and Article I of the United States Constitution.

10. This case concerns a coordinated and sustained pattern of constitutional violations, including but not limited to: (1) denial of procedural and substantive due process; (2) unlawful interference with and effective suspension of the writ of habeas corpus in violation of Article 1, Section 9 of the United States and Wisconsin Constitutions; (3) malicious prosecution initiated and continued without probable cause; (4) institution and maintenance of false criminal charges; (5) unlawful detention without lawful authority or valid jurisdiction; (6) maladministration and abuse of official process; (7) disregard of binding prior adjudication in violation of the doctrine of res judicata; and (8) denial of meaningful access to the courts through procedural obstruction and colorable judicial actions lacking lawful basis.

11. Plaintiff alleges that Defendants acted under color of state law in pursuing and maintaining criminal proceedings despite the absence of jurisdictional authority, probable cause, and constitutional

compliance. The actions complained of were not mere errors of law but constituted knowing or reckless disregard for clearly established constitutional protections. As a direct and proximate result of these actions, Plaintiff has suffered deprivation of liberty, reputational harm, emotional distress, and denial of fundamental constitutional safeguards.

12. The conduct described herein reflects a pattern of enforcement undertaken in the absence of lawful authority and in contradiction of prior final adjudications, thereby violating the principle of finality embodied in the doctrine of res judicata. Such conduct further resulted in the obstruction of Plaintiff's right to petition for redress of grievances and to seek habeas corpus relief free from unconstitutional impediment.

13. This action seeks declaratory relief, injunctive relief, and compensatory and other appropriate remedies to vindicate Plaintiff's constitutional rights and to prevent further unlawful deprivation.

## IV. STATEMENT OF CLAIM

14. **Jessica L. Krejcarek, SORP Representative and Licensed Attorney (Member ID: 1083091), Rock County District Attorney's Office.** Jessica L. Krejcarek is named herein in her official and individual capacity as an agent or employee of the Sex Offender Registry Program (SORP), or a related division of the State of Wisconsin. On 04-10-2024 and again on 07-12-2024, Defendant Krejcarek knowingly and unlawfully initiated, or caused to be initiated, a false and defective claim against the Plaintiff, despite clear statutory exemptions and the prior dismissal with prejudice in Case No. 2014CF002012 on identical grounds failing to substantiate by evidence, sworn statement and verified obligation. Her actions directly contributed to Plaintiff's loss of employment, irreparable damage to reputation, unlawful arrest and imprisonment, and denial of lawful travel documentation. Such conduct constitutes a willful deprivation of constitutional, unlawful, and procedural due process rights under color of law.

15. **Michael David Graveley, Licensed Attorney (Member ID: 1000229), Active Kenosha County District Attorney (including agents acting under District Attorney authority).** Michael David Graveley is named in his official and individual capacity and acted in concert and conspiracy with other state agents to knowingly pursue a false and defective criminal action against the Plaintiff. On 04-10-2024 and again on 07-12-2024, despite his ministerial, professional, and constitutional duty to ensure the accuracy of charges and the fairness of prosecution, Defendant advanced and maintained a claim barred by statutory exemption, and by the prior dismissal with prejudice in Case No. 2014CF002012 failing to

substantiate by evidence, sworn statement and verified obligation thereby violating clearly established law. By proceeding with the prosecution under these circumstances, Defendant caused Plaintiff to suffer loss of employment, reputational injury, unlawful arrest and imprisonment, and denial of travel documentation. Such actions constitute a deliberate deprivation of due process and an abuse of prosecutorial discretion under color of law.

16. **William Michel, Court Commissioner (Member ID: 1030748).** William Michel is named in his official and individual capacity as an administrative judicial officer of the State of Wisconsin. On 04-10-2024 and again on 07-12-2024, acting outside the bounds of his constitutional, ministerial and professional duties, William Michel unlawfully authorized and ordered a warrant against the Plaintiff without conducting the required legal scrutiny, factual verification, or evidentiary review mandated for magistrates and judges granting no jurisdiction for this tax court to act. In conspiracy with other state actors, he accepted and acted upon a conclusory and defective claim despite a clear statutory exemption, the absence of supporting evidence, and the prior dismissal with prejudice in Case No. 2014CF002012 involving the same matter. His actions directly caused Plaintiff's unlawful restraint and arrest, loss of employment, reputational harm, and denial of lawful travel documentation. Such conduct amounts to a gross deprivation of due process and judicial integrity under color of law.

17. **Jodi L. Meier, Administrative Law Judge (Member ID: 1017487).** On 10-16-2025, a habeas corpus action was initiated as a result of Plaintiff's filing for a constitutional writ in the Wisconsin Supreme Court. On 12-02-2025, Jodi L. Meier, named in her official and individual capacity as a judicial officer of the State of Wisconsin, in willful dereliction of her constitutional and ministerial duty to safeguard individual liberty, dismissed Plaintiff's petition for habeas corpus. The dismissal was not rendered on the merits of the cause, but rather in clear alliance with the conspiratorial conduct of the other named defendants and uses of discretionary colorable authority not granted by the constitution. By refusing to review the unconstitutional restraint and the prior dismissal entered with prejudice, Defendant knowingly acted in opposition to the Constitution and Plaintiff's protected rights, thereby further entrenching the unlawful actions already taken. Her conduct solidified the deprivation of due process, the obstruction of lawful remedy, and violations of liberty, reputation, and the right to travel under color of authority. Defendant dismissed Plaintiff's habeas corpus petition solely because Plaintiff was not physically present in the courtroom, despite Plaintiff meeting the statutory criteria to warrant a remote hearing under Wisconsin statute. Plaintiff had submitted a written appearance, written brief, and a written request for remote appearance pursuant to Wis. Stat. § 885.60, based on Plaintiff's non-residency in Wisconsin. Defendant denied remote access outside constitutional and statutory authority and dismissed

the case without addressing the merits of the petition, thereby denying meaningful access to the court, furthering the restraint of Plaintiff's liberties and increasing the risk of unlawful arrest.

18. **Xavier Solis, District Attorney (Member ID: 1093344), Active for Kenosha County.** On 01-29-2026, a notice was sent via United States Postal Service mail to the newly appointed District Attorney informing this Defendant of procedural irregularities in the pending claim, the application of res judicata, and statutory exemptions that undermine the charge. Xavier Solis is named in his official and individual capacity as a county officer in Kenosha County and as the purported successor representative for the State of Wisconsin in the matter of interest. In willful dereliction of his rules of professional conduct and his ministerial duty to safeguard individual liberty, Xavier Solis has taken no corrective action as of the date of this filing, despite being formally notified of procedural irregularities and continuing due process violations. Instead, in clear alliance with the conspiratorial conduct of the other named defendants, he continues to maintain the charge and warrant. The actions and omissions of Xavier Solis have caused, and continue to cause, Plaintiff to suffer employment barriers, reputational injury, the threat of unlawful arrest and imprisonment, and the denial of travel documentation. Such conduct constitutes a deliberate deprivation of due process, an abuse of prosecutorial discretion, and malicious prosecution under color of law.

19. **KENOSHA COUNTY is a municipal corporation.** On 04-10-2024 and again on 07-12-2024, through its Circuit Court and Sheriff's Office, Kenosha County filed, accepted for filing, and caused to be recorded against Plaintiff's private name an unverified and unconstitutional claim. Said claim failed to satisfy the statutory prerequisites, applicable procedural civil and criminal rules, and the constitutional limitations required for a lawful and proper filing. Despite receiving notice of the procedural irregularities and continuing due process violations associated with this matter, Kenosha County ignores the constitutional and ministerial duties of all its agents and has taken no corrective action as of the date of this filing. Instead, in clear alliance with the conspiratorial conduct of the other named defendants, Kenosha County and its overseeing administrators continue to maintain the charge and warrant on record. These actions have caused, and continue to cause, Plaintiff to suffer substantial and ongoing harm, including employment barriers, reputational injury, the threat of unlawful arrest and imprisonment, and the denial of travel documentation. Such conduct constitutes a deliberate deprivation of due process, an abuse of prosecutorial discretion, and malicious prosecution under color of law.

20. **Defendant STATE OF WISCONSIN a government corporation, by and through its Attorney General, Josh Kaul,** is named herein in its official capacity. After being formally notified of procedural irregularities, constitutional defects, statutory exemptions, and continuing due process violations

associated with the underlying charge and warrant, the State of Wisconsin, through the Office of the Attorney General, failed to take corrective action for requested redress of grievances. On 06-12-2025, Plaintiff submitted a formal Request for ADR Consideration, placing the State on notice of the ongoing constitutional violations and unlawful restraint. Pursuant to Josh Kaul's ministerial duty on behalf of and in the interest of the State to ensure the lawful administration of justice and the protection of constitutional rights, no corrective action for redress of grievances was taken in response to that request.

20-1. Subsequently on 01-29-2026 a notice of claim was sent further informing Josh Kaul of false and misleading claims, understanding that Josh Kaul by statute is commissioned to represent the State of Wisconsin in all matters of suit where the State is a party. Despite notice of statutory exemptions, prior dismissal with prejudice, procedural irregularities and continuing deprivation of liberty, Defendant failed to intervene, investigate, or remedy the constitutional violations perpetuated by its subordinate officers and agents. The State's deliberate inaction and continued allowance of enforcement have caused, and continue to cause, Plaintiff to suffer employment barriers, reputational injury, the threat of unlawful arrest and imprisonment, and denial of lawful travel documentation.

20-2. Such conduct constitutes a deliberate deprivation of due process, access to meaningful redress of grievances, an abuse of prosecutorial discretion, and malicious prosecution under color of law, in violation of clearly established constitutional protections.

## V. FACTUAL ALLEGATIONS

21. On 04-10-2024 and 07-12-2024, an unverified and constitutionally defective claim was filed and maintained against Plaintiff despite statutory exemptions, procedural defects, and the prior dismissal with prejudice in Case No. 2014CF002012 on identical grounds.

22. Defendant William Michel unlawfully authorized and ordered a warrant without conducting the required legal scrutiny, factual verification, or evidentiary review mandated for magistrates and judges.

23. Defendant Michael David Graveley advanced and maintained prosecution of a claim barred by statutory exemption, containing procedural defects and prior dismissal with prejudice, despite his constitutional duty to ensure lawful prosecution.

24. Defendant Jessica L. Krejcarek knowingly initiated or caused to be initiated a defective and exempt claim through SORP-related authority.

25. Defendant Xavier Solis, after receiving formal notice on 01-29-2026 of procedural irregularities, res judicata, and statutory exemptions, took no corrective action and continued maintenance of the charge and warrant.

26. Defendant Jodi L. Meier dismissed Plaintiff's habeas corpus petition on 12-02-2025 not on the merits, but by denying remote access pursuant to Wis. Stat. § 885.60 and refusing constitutional review of the restraint.

27. Kenosha County, through its Circuit Court and Sheriff's Office, accepted, recorded, and maintained the defective claim and warrant and failed to correct ongoing constitutional violations.

28. The Defendants acted in concert and conspiracy to maintain the unlawful charge and warrant despite notice of defects and constitutional violations.

29. As a direct and proximate result, Plaintiff suffered unlawful restraint and arrest, loss of employment, reputational injury, denial of lawful travel documentation, and continuing threat of imprisonment.

## VI. COUNTS

### COUNT I: CIVIL CONSPIRACY AND DEPRIVATION OF RIGHTS (42 U.S.C. § 1983)

30. Plaintiff realleges and incorporates paragraphs 1-29.

31. Defendants, acting under color of state law, deprived Plaintiff of rights secured by the Constitution, including: (a). Procedural and substantive due process under the Fourteenth Amendment; (b). The right to liberty and freedom from unlawful restraint; (c). The right of access to the courts and habeas corpus remedy; (d). The right to travel; (e). Protection against malicious prosecution under clearly established law.

### COUNT II: MUNICIPAL LIABILITY – POLICY, PRACTICE, AND CUSTOM (42 U.S.C. § 1983 – Monell Claim Against Kenosha County)

32. Plaintiff realleges and incorporates all preceding paragraphs.

33. Defendant Kenosha County is a municipal corporation subject to liability under 42 U.S.C. § 1983 pursuant to the doctrine established in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

34. The constitutional violations described herein were not isolated incidents but were the direct result of official policy, custom, practice, ratification, or deliberate indifference attributable to Kenosha County.

35. Kenosha County, through its Circuit Court administration, Sheriff's Office, prosecutorial offices, and policymakers: (a). Accepted and maintained unverified and constitutionally defective criminal filings; (b). Authorized and enforced warrants without adequate evidentiary review; (c). Failed to train and supervise judicial officers, prosecutors, and deputies regarding statutory exemptions and res judicata limitations; (d). Maintained charges and warrants after receiving formal notice of procedural defects and constitutional violations; (e). Ratified the conduct of subordinate officers by failing to correct or withdraw the defective charge.

36. The County's failure to act after notice constitutes deliberate indifference to Plaintiff's clearly established constitutional rights.

37. The unconstitutional acts were carried out by final policymakers or were ratified by officials with final policymaking authority, thereby rendering Kenosha County liable under § 1983.

38. As a direct and proximate result of the County's policy, practice, custom, and ratification, Plaintiff suffered the injuries described herein.

39. Defendants reached a mutual understanding and acted in concert to pursue and maintain a charge they knew or should have known was barred by statutory exemption and prior dismissal with prejudice.

40. Overt acts in furtherance of the conspiracy included issuance of a warrant, maintenance of charges, denial of habeas review, refusal to correct procedural irregularities, and continued enforcement of the defective claim.

41. The conduct described herein was intentional, willful, malicious, and in reckless disregard of Plaintiff's constitutional rights.

42. As a direct and proximate result, Plaintiff suffered damages including loss of employment, reputational harm, unlawful arrest and imprisonment, emotional distress, and ongoing deprivation of liberty.

**COUNT III: MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTEENTH AMENDMENT** (42 U.S.C. § 1983 – Against Individual Defendants)

43. Plaintiff realleges and incorporates all preceding paragraphs.

44. To establish malicious prosecution under § 1983, Plaintiff must show that: (a). Defendants initiated or continued a criminal proceeding; (b). The proceeding lacked probable cause; (c). The proceeding was instituted with malice or reckless disregard for constitutional rights; (d). The proceeding terminated in Plaintiff's favor or was barred by res judicata or statutory exemption; (e). Plaintiff suffered a deprivation of liberty consistent with a seizure under the Fourth and Fourteenth Amendments.

45. Defendants initiated and maintained criminal proceedings against Plaintiff despite: (a). Clear statutory exemptions; (b). The prior dismissal with prejudice in Case No. 2014CF002012; (c). Lack of evidentiary support; (d). Formal written notice of procedural defects.

46. The issuance and enforcement of a warrant, the threat of arrest, actual restraint, and continuing restrictions on liberty constitute a seizure and deprivation of liberty.

47. Defendants acted intentionally, maliciously, and in reckless disregard of clearly established constitutional protections by maintaining a prosecution they knew or should have known was barred.

48. The prosecution was legally defective and constitutionally infirm from inception, rendering its continuation objectively unreasonable.

49. As a direct and proximate result, Plaintiff suffered loss of employment, reputational injury, emotional distress, unlawful arrest and imprisonment, denial of travel documentation, and continuing deprivation of liberty.

**COUNT IV. DECLARATORY JUDGMENT (28 U.S.C. § 2201)**

50. Plaintiff realleges and incorporates all preceding paragraphs.

51. An actual and ongoing case or controversy exists between Plaintiff and Defendants regarding the constitutionality and enforceability of the referenced charge and warrant.

52. Defendants continue to maintain and enforce the defective criminal action despite notice of statutory exemptions, res judicata effect of prior dismissal with prejudice, and constitutional defects.

53. Plaintiff faces ongoing threat of arrest, restraint, reputational harm, and denial of travel documentation.

54. Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaration that: (a). The continued maintenance and enforcement of the charge and warrant violate the Fourteenth Amendment; (b). The prosecution is barred by res judicata and statutory exemption; (c). The actions of Defendants constitute malicious prosecution and deprivation of due process under color of law; (d). Continued enforcement would constitute unconstitutional restraint.

55. Declaratory relief will resolve the legal uncertainty and prevent further constitutional injury.

## VII. QUALIFIED IMMUNITY REBUTTAL

56. The individual Defendants are not entitled to qualified immunity because their conduct violated clearly established constitutional rights of which a reasonable official would have known.

57. At the time of the conduct: (a). It was clearly established that prosecution without probable cause violates the Fourth and Fourteenth Amendments; (b). It was clearly established that maintaining charges barred by res judicata or dismissal with prejudice violates due process; (c). It was clearly established that continued enforcement of an unlawful warrant after notice of defects constitutes unconstitutional restraint; (d). It was clearly established that deliberate indifference to known constitutional violations is actionable under § 1983.

58. No reasonable prosecutor, judicial officer, commissioner, or county policymaker could have believed that advancing or maintaining a barred and statutorily exempt claim, after repeated written notice of defects, was lawful.

59. Defendants' actions were not mere discretionary errors but intentional and objectively unreasonable violations of clearly established law.

60. Accordingly, qualified immunity does not shield the individual Defendants from liability in their individual capacities.

## VIII. STRENGTHENED FAVORABLE TERMINATION ANALYSIS (For Malicious Prosecution Claim)

61. A malicious prosecution claim under § 1983 requires termination of the criminal proceeding in a manner indicative of innocence or legal invalidity.

62. The prior dismissal with prejudice in Case No. 2014CF002012 constitutes a final adjudication on the merits.

63. A dismissal with prejudice operates as a final judgment and bars relitigating of the same claim under res judicata principles.

64. Where prosecution proceeds despite a prior dismissal with prejudice on identical grounds, the favorable termination element is satisfied because the underlying charge lacks legal viability.

65. Alternatively, where statutory exemption independently bars enforcement, the legal invalidity of the proceeding satisfies the favorable termination requirement because no lawful conviction could result.

66. The continuation of prosecution after a final dismissal with prejudice renders the proceeding constitutionally defective ab initio.

67. Therefore, the favorable termination element is met as a matter of law because the prior adjudication conclusively resolved the matter and barred further prosecution.

## IX. RELATED CASE NUMBERS

68. DOC: 2024CF001046 | DOC: 2024CF000556 | DA case number 2024KN001657 | DA case number 2024KN003024 | WI Appellate Court Case: 2025AP002225 - 2025CV001224 and 2025AP002225

## X. CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983

69. Defendants acted under color of state law to deprive Plaintiff of constitutional rights. Plaintiff seeks declaratory relief, compensatory damages, punitive damages, and attorney's fees under 42 U.S.C. § 1988.

## X. PRAYER FOR RELIEF

70. WHEREFORE, Plaintiff respectfully requests that this Court to render judgment against Defendant as follows:

A. Declare that Defendants' actions violated Plaintiff's constitutional rights under the Fourteenth Amendment and 42 U.S.C. § 1983;

B. Issue preliminary and permanent injunctive relief ordering the removal, dismissal, and expungement of the unlawful charge and warrant;

C. Enjoin Defendants from further enforcement of the defective claim;

D. Award compensatory damages in an amount to be determined at trial;

E. Award punitive damages against the individual Defendants in their individual capacities; in an amount of $250,000 from each defendant excluding the STATE OF WISCONSIN where injunctive relief is warranted

F. Award costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

G. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Executed on this 23nd day of February 2026

*[signature]*

Christopher Lee Wiley,
c/o P.O Box 496621 Garland, TX [75043]
Office 213-290-6277
Email: clwiley@wileyffg.com
Without Recourse

**REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE**

I DO request that I be allowed to file this complaint without paying the filing fee. I have completed a Request to Proceed in District Court without Prepaying the Filing Fee form with an attached Affidavit for clarification and have attached it to the complaint.